# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Stacey D. Adams, U.S.M.J. |
| | : | |
| v. | : | Magistrate No. 25-mj-15239 |
| | : | |
| KELVIN ANTONIO CABO HERNANDEZ | : | **CRIMINAL COMPLAINT** |

I, Michael Reverendo, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

### SEE ATTACHMENT A

I further state that I am a Special Agent with the Department of Homeland Security, Homeland Security Investigations, and that this complaint is based on the following facts:

### SEE ATTACHMENT B

continued on the attached pages and made a part hereof.

      /s/ Michael Reverendo / mhs
Special Agent Michael Reverendo
Department of Homeland Security
Homeland Security Investigations

Sworn to and subscribed
this 29th day of July, 2025

Honorable Stacey D. Adams
United States Magistrate Judge

Newark, New Jersey
City and State

Hon. Stacey D. Adams / mhs
Signature of Judicial Officer

## **ATTACHMENT A**

### **COUNT ONE**

(Fraudulent Possession of a Government Badge and Identification)

On or about July 28, 2025, at Newark Liberty International Airport, in the District of New Jersey and elsewhere, the defendant,

**KELVIN ANTONIO CABO HERNANDEZ**,

did knowingly possess any badge, identification card, or other insignia, of the design prescribed by the head of any department or agency of the United States, for use by any officer or employee thereof, and any colorable imitation thereof, namely, a Drug Enforcement Administration badge and insignia, without authorization under regulations made pursuant to law.

In violation of Title 18, United States Code, Section 701.

## **ATTACHMENT B**

     I, Michael Reverendo, am a Special Agent with the Department of Homeland Security, Homeland Security Investigations.  I am fully familiar with the facts set forth herein based on my own investigation, my conversations with witnesses and other law enforcement officers, and my review of reports, documents, and items of evidence.  Where statements of others are related herein, they are related in substance and in part.  Because this complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation.  Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

     1.    On or about July 28, 2025, CABO HERNANDEZ landed at Newark Liberty International Airport in Newark, New Jersey, aboard an inbound flight from Santiago, Dominican Republic.

     2.    CABO HERNANDEZ was selected for a random inbound border inspection by officers of Customs and Border Protection ("CBP"). During that inspection, CABO HERNANDEZ produced two wallets.  In one wallet, law enforcement discovered what appeared to be a U.S. government Personal Identity Verification ("PIV") card emblazoned with a United States Drug Enforcement Administration ("DEA") insignia and a photo of defendant CABO HERNANDEZ. In the second wallet, law enforcement discovered what appeared to be a badge with the DEA seal.  Both the PIV card and the DEA badge were imitations.

     3.    Law enforcement determined that CABO HERNANDEZ has never been employed by the DEA nor had authorization to carry either the PIV card with the DEA insignia nor the DEA badge.

     4.    When questioned by law enforcement, CABO HERNANDEZ indicated that he had ordered both the PIV card and the fake DEA badge over the Internet.